# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**RICARDO CORRAL,**

      Movant,

vs.                                                      **CIVIL NO. Civ 04-1221 WJ/DJS**
                                                                              Criminal No. 03-672 WJ

**UNITED STATES OF AMERICA,**

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

    1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated at the Federal Correctional Institution-La Tuna at Anthony, New Mexico where he is serving an eighty-seven month sentence as a result of his conviction for one count of distribution of fifty grams or more of a mixture and substance containing methamphetamine contrary to 18 U.S.C. §841(b)(1)(B). That conviction was obtained as the result of Movant's guilty plea.

    2. Movant asserts that he was denied effective assistance of counsel. He contends that his

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

attorney wrongfully advised him that if he pleaded guilty he would receive a sentence of thirty-seven months imprisonment and that when he sought an appeal of his eighty-seven month sentence, his attorney failed to file such an appeal.

3.  It has long been the law that a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose any collateral attack. Id.; Mabry v. Johnson, 467 U.S. 504 (1967).

4. Movant's ineffective of assistance of counsel claims must be evaluated in the light of the standard announced in Strickland v. Washington, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, Strickland, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, Movant received substantial consideration for avoiding a trial. The prosecution entered into an agreement by which two counts of the indictment, charging Movant with distribution of less than five hundred grams of a mixture and substance containing a detectable amount of cocaine and charging him with possession with intent to distribute less than five hundred grams of a mixture and substance containing a detectable amount of cocaine, were dismissed. In addition, the prosecution agreed that Movant should receive a three-point reduction under the Sentencing Guidelines for

acceptance of responsibility and, if eligible, a two-point reduction under the safety-valve provisions of the Guidelines. In turn, Movant gave up his right to appeal. Plea Agreement filed May 30, 2003 in CR 03-672 WJ (Docket No. 20).

5. Movant's claim that he was promised a thirty-seven month sentence flies in the face of the record. At the plea hearing held before the Honorable Robert H. Scott, Magistrate Judge, on May 30, 2003 Movant represented to the Court through an interpreter that he understood the maximum and minimum possible sentences under the plea agreement. Transcript of 5/20/03 Plea Hearing in CR 03-672 WJ, p. 5. The agreement states that Movant could be imprisoned for not less than five and not more than forty years. Plea Agreement filed May 30, 2003 in CR 03-672 WJ (Docket No. 20). Movant repeatedly affirmed that he understood that his sentence was to be set by the presiding judge and that the judge would not be bound by recommendations contained in the plea agreement. Transcript of 5/20/03 Plea Hearing in CR 03-672 WJ, p. 7-8. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Movant's allegations are essentially conclusory and they are insufficient to overcome his representations under oath in support of his guilty plea.

6. Movant has not shown that his counsel was ineffective, let alone that he would not have pleaded guilty but for such ineffective assistance. The case against him was strong. Movant was observed by police to sell approximately one hundred and sixteen grams of methamphetamine[2] to a

---

[2]The prosecutor erroneously described the amount of drugs as one hundred and sixteen ounces in the plea hearing, rather than one hundred and sixteen grams as charged in the indictment and congruent with a $3000 price.

confidential informant for a sum of three thousand dollars. The dismissal of two charges against him and the government's stipulations resulted in a substantial benefit to him. Movant's claim that he was promised a thirty-seven month sentence is contradicted by both the plea agreement he signed and the record at the hearing. Movant blames his poor English language skills for his counsel's alleged lack of communication, but he was provided an interpreter at the plea hearing when he stated under oath that he understood the district judge could give him a greater sentence. Further, not only did Movant waive his right to appeal, but no basis for appeal is evident in the record. Accordingly, there is no basis to find that Movant's counsel was ineffective.

**RECOMMENDED DISPOSITION:**

That the motion be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**